RECEIVED
JUN 3 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| HAROLD JOE BLACK | CIVIL ACTION NO. 06-212-P |
| VERSUS | JUDGE WALTER |
| WARDEN | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned magistrate judge for review, report and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## STATEMENT OF CLAIM

Before the Court is a civil rights action filed in forma pauperis by pro se plaintiff Harold Joe Black ("Plaintiff"), pursuant to 42 U.S.C. §1983[1]. This complaint was received and filed in this Court on February 6, 2006. Plaintiff is incarcerated at the Allen Correctional Center, but he complains his civil rights were violated by prison officials at Forcht Wade Correctional Center in Keithville, Louisiana.

Plaintiff claims that on September 22, 2000, the disciplinary board found him guilty of violating Rule #3, Defiance. He was sentenced to the working cell blocks and four weeks loss of yard and recreation. Plaintiff claims Lt. Batson's charge against him was false. He also claims the disciplinary board was biased because Lt. Batson, the charging prison official,

---

[1] Plaintiff filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The Court has determined that Plaintiff should have filed this action as a civil rights complaint pursuant to 42 U.S.C. §1983 since he does not challenge the duration or computation of sentence.

was a member of the disciplinary board.

## LAW AND ANALYSIS

**Due Process in the Disciplinary Process**

Plaintiff alleges the disciplinary board was biased because Lt. Batson, the charging officer, was a member of the board. To the extent Plaintiff contends he was punished without due process, that claim is not cognizable.

In <u>Sandin v. Connor</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. <u>Id.</u> 132 L.Ed.2d at 431. Under the guidance provided by <u>Sandin</u>, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on <u>Sandin</u>, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. <u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir. 1997) citing <u>Sandin</u>, 115 S.Ct. at 2297.

Plaintiff in the instant case does not allege that the disciplinary action affected the duration of his sentence or that the disciplinary sentence was atypical of the prison environment. To the contrary, Plaintiff's allegations concern changes in the conditions of confinement which are far from "extraordinary." This Court finds that under <u>Sandin</u>, <u>Orellana</u> and <u>Madison</u>, a sentence of a transfer to the working cell blocks and four weeks loss of yard and recreation does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns. Hence, Plaintiff's claim that he was punished without due process of law is without merit.

**False Disciplinary Report**

To the extent Plaintiff claims that Lt. Batson filed a false disciplinary report against him, Plaintiff has no right which protects him from being charged with a disciplinary offense. This is true regardless of the truth of the initial report. <u>Freeman v. Rideout</u>, 808 F.2d 949, 952 (2nd Cir. 1986); <u>Hanrahan v. Lane</u>, 747 F.2d 1137, 1140-41 (7th Cir. 1984); <u>Cardine v. Tucker</u>, 23 F.3d 406 (Table), 1994 U.S. App. LEXIS 17566 (6th Cir. 1994). Accordingly, the claims against Lt. Batson are not cognizable because Plaintiff has no constitutional protection from being wrongly charged with a disciplinary offense.

## CONCLUSION

Because Plaintiff filed this proceeding <u>in forma pauperis</u> ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766

F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were

not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 30th day of June 2006.

*[signature]*
**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**